Approved: _____
David R. Felton / Daniel G. Nessim
Assistant United States Attorneys

Before:  HONORABLE LISA MARGARET SMITH
         United States Magistrate Judge
         Southern District of New York

------------------------------- x
UNITED STATES OF AMERICA          :    **COMPLAINT**   20 mj 1862
                                  :
          - v. -                  :    Violation of
                                  :    21 U.S.C. § 846
MICHAEL ESTRADA,                  :
                                  :    COUNTIES OF OFFENSE:
              Defendant.          :    WESTCHESTER, NEW YORK
                                  :
------------------------------- x

SOUTHERN DISTRICT OF NEW YORK, ss.:

       EDWARD J. MURPHY, being duly sworn, deposes and says that he is a Task Force Officer with the Federal Bureau of Investigation ("FBI") and charges as follows:

## COUNT ONE
(Narcotics Conspiracy)

       1.   In or about February 2020, in the Southern District of New York and elsewhere, MICHAEL ESTRADA, the defendant, and others known and unknown, intentionally and knowingly did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

       2.   It was a part and an object of the conspiracy that MICHAEL ESTRADA, the defendant, and others known and unknown, would and did distribute and possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

3. The controlled substance that MICHAEL ESTRADA, the defendant, conspired to distribute and possess with intent to distribute was 50 grams and more of mixtures and substances containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers, in violation of Title 21, United States Code, Section 841(b)(1)(B).

(Title 21, United States Code, Section 846.)

The bases for my knowledge and for the foregoing charges are, in part, as follows:

4. I am a Task Force Officer with the FBI and I have been personally involved in the investigation of this matter. This affidavit is based upon my personal participation in the investigation of this matter, and my conversations with law enforcement officers, law enforcement employees, and witnesses, as well as a review of documents. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

5. Based on my participation in this investigation, my review of documents, and my conversations with other law enforcement officers, I have learned, in substance and in part, the following:

a. Law enforcement has been engaged in an investigation into a drug trafficking organization ("DTO") responsible for distributing methamphetamine and gamma-butryolactone ("GBL"), a liquid date-rape drug. Activities undertaken in furtherance of this DTO took place in Westchester County and Manhattan, among other locations. Among other activities, methamphetamine and GBL were stored in Westchester County, methamphetamine sales occurred in Westchester County, and methamphetamine and GBL transactions were arranged with communications originating in Westchester County. On or about February 13, 2020, a Southern District of New York grand jury returned indictment 20 Cr. 125 (KMK) (the "Indictment"), charging five members of the DTO with conspiring to distribute, and possess with intent to distribute, methamphetamine and GBL from in or about 2017 through in or about February 2020.

b. On February 18, 2020, law enforcement arrested several members of the DTO pursuant to the Indictment. One of

these individuals ("CC-1") was advised of his *Miranda* rights, and CC-1 waived those rights and agreed to speak with law enforcement. CC-1 told law enforcement, in substance and in part and among other things, that:

      i. Late the prior evening, on or about February 17, 2020, CC-1 had delivered approximately two pounds of methamphetamine to an individual he identified as MICHAEL ESTRADA,[1] the defendant, at an apartment located in the Upper West Side of Manhattan (the "Apartment").

      ii. While present at the Apartment, CC-1 observed large quantities of GBL at the Apartment.

      iii. On approximately six or seven prior occasions, CC-1 had previously delivered methamphetamine to ESTRADA at the Apartment.

    c. Based on information obtained pursuant to a judicially authorized location tracking warrant on CC-1's cellular phone, I have learned that late in the evening of February 17, 2020, CC-1's cellular phone was present in the vicinity of the Apartment.

    d. Based on a review of a recorded prison call conducted between two members of the DTO charged in the Indictment ("CC-2" and "CC-3"), I have learned that on or about January 9, 2020, CC-2 asked CC-3 "is there any chance you can give it to Mike Estrada, another 2?" Based on my review of this conversation, involvement in this investigation, and training and experience, I understand CC-2 to be referencing packages of GBL, and I understand "Mike Estrada" to be ESTRADA.

    e. On or about February 18, 2020, law enforcement conducted a search of the Apartment pursuant to a judicially authorized search warrant. ESTRADA was located at the Apartment and placed under arrest. Four additional individuals were found at the Apartment but were not arrested.

    f. The search of the Apartment resulted in the recovery of, among other things:

      i. Five zip-lock bags of a crystalline substance in a bedroom of the apartment (the "Bedroom-1 Bags" and "Bedroom-1"). Additionally, also in Bedroom-1, a sixth zip-lock bag of a crystalline substance, packaged in the same manner as the

---

[1] CC-1 referred to ESTRADA as "Mike."

3

Bedroom-1 Bags, was found in a pocket of a pair of pants on the floor next to the bed (the "Sixth Bag"). ESTRADA put on those pants upon his arrest and those pants appeared to fit ESTRADA. Law enforcement also found a New York State non-driver state identification card in ESTRADA's name in Bedroom-1 (the "ID card"), as well as approximately $6,250 in cash.

    ii. In a different bedroom of the apartment ("Bedroom-2"), law enforcement found a plastic cup with an additional quantity of a crystalline substance (the "Cup Substance").

    iii. Three electronic scales. Two of these scales were found in the Apartment's kitchen and another scale was found in the Apartment's living room.

   g. Law enforcement later weighed the Bedroom-1 Bags, the Sixth Bag, and the Cup Substance, which resulted in an overall weight of approximately 331 grams. The Bedroom-1 Bags and Sixth Bag weighed approximately 176 grams, and the Cup Substance weighed approximately 155 grams.

   h. Law enforcement field tested the Bedroom-2 Bag and the Cup Substance, and both returned a positive test for the presence of methamphetamine.

   i. Based on a review of the ID card recovered by law enforcement, I have learned that ESTRADA lists the Apartment as his home residence.

4

WHEREFORE, deponent respectfully requests that MICHAEL ESTRADA, the defendant, be imprisoned or bailed, as the case may be.

*Edward J. Murphy*
Edward J. Murphy
Task Force Officer
Federal Bureau of Investigation

Sworn to before me this
19th day of February, 2020

THE HONORABLE LISA MARGARET SMITH
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK